**People of State of Illinois, Defendant in Error, v. E. Frank Jones, Plaintiff in Error.**

**Term No. 46M21.**

504

 Opinion filed October 4, 1946. Rehearing denied November 18, 1946. Released for publication November 18, 1946.

MAURICE B. JOHNSTON, of Carlyle, for plaintiff in error.

JOSEPH B. SCHLARMAN, of Carlyle, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

E. Frank Jones, plaintiff in error, was charged with violation of sec. 466, par. 10 of the Illinois Criminal Code, by information filed by the states attorney of Clinton county, on July 10, 1945. The information in one count charged that plaintiff in error, having previous to the 10th day of July 1945, caused a certain well for the discovery of oil to be drilled on certain lands in Clinton county, and having previous to that day and for a long time prior thereto, abandoned said well, permitted it to remain unplugged. A plea of "not guilty" was entered, and the cause was tried by the court, without a jury, on stipulation entered into between the states attorney and counsel for plaintiff in error.

The stipulation, in substance set forth that Jones pursuant to a permit issued by the Department of Mines and Minerals of the State of Illinois, under date

of June 10, 1940, did subsequent to that date, drill a well for the discovery of oil and gas on certain lands in Clinton county, Illinois, and that said well was abandoned as a dry hole on August 15, 1940. The stipulation further provided that the said well was never plugged pursuant to the regulations of the Department of Mines and Minerals in regard to the plugging of abandoned or dry holes and that said well, from August 15, 1940, the date of its abandonment, down to the present date, had never been plugged under the supervision of the Department of Mines and Minerals or any representative, agent or branch of said department.

The court found plaintiff in error guilty and ordered him to pay a fine of $25 and that said nuisance be abated within 60 days from the date of judgment. Motions for new trial and in arrest of judgment, were denied by the court, and the cause comes to this court upon writ of error.

It is claimed on behalf of plaintiff in error that the sentence and judgment of the trial court finding him guilty and imposing a fine on him is erroneous because the action is barred by the statute of limitations, sec. 466, par 10 of the Illinois Criminal Code, effective as of July 23, 1943, provides, "It is a public nuisance . . . to permit any well drilled for oil, gas, salt water disposal or any other purpose in connection with the production of oil and gas, to remain unplugged, after such well is no longer used for the purpose for which it was drilled." The next section, 467 provides that whoever causes, erects or continues any such nuisance shall for the first offense, be fined not exceeding $100, and for a subsequent offense shall be fined in a like amount, and confined in the county jail not exceeding three months.

Counsel for plaintiff in error contends that because of the fact that the oil well drilled by Jones was abandoned as a dry hole August 15, 1940, more than 18

months had elapsed since he had abandoned the oil well involved, and that the prosecution was barred by the statute of limitations.

We fail to see how the statute of limitations could be involved in this proceeding. The statute in question calls for no affirmative conduct on the part of the plaintiff in error, to make him guilty of the offense charged. It simply states that to permit such a well to remain unplugged constitutes a nuisance. The legislature has the power to declare certain situations or conditions to be nuisances though they were not so regarded at common law. 39 Am. Jur. Nuisances, § 12, p. 293, § 13, p. 294; *City of Chicago v. Shaynin,* 258 Ill. 69; *North Chicago City Ry. Co. v. Town of Lake View,* 105 Ill. 207; *Laugel v. City of Bushnell,* 197 Ill. 20. A nuisance of this character would certainly not terminate because 18 months had elapsed since the first time the condition existed, for the nuisance is a continuing one and each day that the said well remained unplugged would constitute another offense.

It is also argued at considerable length, on behalf of plaintiff in error, that because of the fact that he drilled the well in question in 1940 and abandoned it as a dry hole on or about August 15, 1940, that the Act under which he was convicted operative as of July 23, 1943, was ex post facto or retroactive. An ex post facto law has been defined as one which, in its operation, makes that criminal which was not so at the time the act was performed. 11 Am. Jur., Const. Law, § 348, pp. 1176, 1177 and cases therein cited; *Lindsey v. State of Washington,* 301 U. S. 397.

However, a law cannot be said to be ex post facto which provides punishment or a penalty for the continued maintenance of certain conditions which prior to the enactment of the statute, were lawful. 11 Am. Jur., Const. Law, § 349, p. 1178; *Samuels v. Mc-Curdy,* 267 U. S. 188, 69 L. Ed. 568, 45 Sup. Ct. 264, 37 A. L. R. 1378; *Chicago & A. R. Co. v. Tranbarger,*

238 U. S. 67, 59 L. Ed. 1204, 35 Sup. Ct. 678, 37 A. L. R. 1386; Vol. 16 C. J. S., p. 888; *Ex parte Courter,* 58 Okla. Crim. 50, 54 P. (2d) 407.

Plaintiff in error was not prosecuted for anything that he did or omitted to do, prior to July 23, 1943. He was prosecuted for permitting the oil well in question to remain unplugged after the enactment of the Nuisance Act. In the case of *Chicago & A. R. Co. v. Tranbarger, supra,* an act was passed by the legislature, with a penalty attached, compelling the railroads to construct transverse openings in rights of way and roadbeds to take care of surface waters. The railroad contended in that case that it constituted an ex post facto law, because the railroad embankment, without such opening had been constructed prior to the enactment of the statute. There the court said, ''The argument that, in respect to its penalty feature, the statute is invalid as an ex post facto law, is sufficiently answered by the pointing out that the plaintiff in error is subjected to a penalty, not because of the manner which it originally constructed its railroad embankment, nor for anything else done or omitted before the passage of the Act of 1907, but because, after that time, it maintained the embankment in a manner prohibited by that Act.''

In the instant case, plaintiff in error is not being prosecuted for acts done or omitted prior to the passage of the law, but for permitting the well to remain unplugged, after the enactment of the Act. By permitting said well to remain unplugged he was guilty of maintaining a public nuisance, and such nuisance was a continuing nuisance from day to day, and was such on July 10, 1945, the date of which he was charged with violation of the statute. The act in question is not ex post facto, or retroactive, and the evidence supports his conviction. The judgment of the trial court will be affirmed.

*Affirmed.*

CULBERTSON, P. J., and BARTLEY, J., concur.