Salem District Court,
No. 5556.

## STATE *v.* DONALD DANIEL CARR.

Argued December 7, 1966.
Decided December 20, 1966.

*George S. Pappagianis*, Attorney General and *John T. Pappas*, Attorney ( *Mr. Pappas* orally ), for the State.

*John B. Ford* ( by brief and orally ), for the defendant.

DUNCAN, J. This complaint charges that the defendant on or about July 15, 1966 at Salem committed the crime of nonsupport of his minor children contrary to RSA 571:2 and the laws of this state. It alleges failure and refusal to support them over a period of twelve years from February 1954 to July 1966. At the hearing on probable cause it appeared that the defendant and the complainant were divorced prior to 1954; that the defendant had been living in California, and that a case was pending in California against the defendant under the Uniform Reciprocal Support Act. The defendant was arrested in New Hampshire a day or two before the hearing, the complainant had been awarded custody in the divorce proceedings, and she and the children of the parties have lived in this state since April 1954.

The questions of law raised by the defendant's exception to the denial of his motion to dismiss were certified to this court by *Romprey*, justice of the Salem district court.

Jurisdiction of the defendant's person was obtained by his arrest within this state. He maintains that since he was not resident in this state during the period when the crime of nonsupport is alleged to have been committed, " no obligation

could arise under the laws of [this state] so as to make [him] subject to our criminal laws," citing *Hardy* v. *Betz*, 105 N. H. 169. The weight of authority elsewhere is opposed to the defendant's contention. In the *Hardy* case the defendant was under no obligation to furnish support to his alleged child under the laws of this state.

However, the laws of this state do impose an obligation of support upon this defendant, both by RSA 571:2 under which the proceedings are brought, and by RSA 460:23 (supp). See *Healy* v. *McQuaid*, 89 N. H. 117. The defendant's obligation to support his children thus arose under the law of this state, where the support was needed. This is where he "has neglected to provide for their maintenance and where an action should lie." *State ex rel Brito* v. *Warrick*, 176 Neb. 211, 216. "The offence is committed by violation of the duty existing here." *Commonwealth* v. *Booth*, 266 Mass. 80, 84. See *State* v. *Cote*, 104 N. H. 345, 347.

It has been so held upon comparable facts in the following cases: *State ex rel Brito* v. *Warrick*, *supra*; *State* v. *Tickle*, 238 N. C. 206; *Osborn* v. *Harris*, 115 Utah 204; *State* v. *Wellman*, 102 Kan. 503. See also, Annot. 44 A.L.R. 2d 886, 899.

The defendant's motion was properly denied.

*Exception overruled; remanded.*

All concurred.