THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PHILIP J. CARUSO, Defendant-Appellee.

Second District   No. 86—0011

Opinion filed February 26, 1987.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, and Victor J. Piekarski, Brian J. Clarke, and Michael Resis, all of Querrey, Harrow, Gulanick & Kennedy, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Philip J. Caruso, was charged in separate two-count indictments with the offenses of child abduction (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 10—5(b)(1)) and unlawful restraint (Ill. Rev. Stat. 1977, ch. 38, par. 10—3) involving his two children, Kathleen Ann and Deborah Lynn Caruso. The child-abduction counts at issue in this appeal charge that on December 24, 1984, within Du Page County, defendant "intentionally violated the terms of a valid court order, entered December 20, 1977, in the Eighteenth Judicial Circuit, Du Page County, granting sole custody of [the child] to Janet Faye Caruso in that said defendant detained the child, *** outside the jurisdiction of the court."

Defendant filed several motions to dismiss the indictments. The latest motion, and the only one ruled on by the trial court, was directed only to the child-abduction counts and was based on the constitutional prohibition against an *ex post facto* law. Essentially, defendant contended in this motion and in oral argument on the motion that the child-abduction statute, which was enacted in 1978 after he was alleged to have abducted the children in 1977, was an *ex post facto* law prohibited by article I, section 9, of the United States Constitution (U.S. Const., art. I, sec. 9) and article I, section 16, of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 16). More specifically, defendant contended below and reasserts to this court that when he was charged with removing his children from Illinois in 1977, the act of removing his children was not a criminal offense under the Illinois Criminal Code and was not made an offense until the enactment of Public Act 80—1393, effective August 22, 1978. Defendant also maintains that he is charged with conduct occurring outside the jurisdiction of the Illinois courts as the only part of the transaction which occurred in Illinois was the removal of the children in 1977, at a time when that act was not a criminal offense. The State does not dispute that defendant removed the children from Illinois in 1977 and that

defendant and the children resided in Ohio at least through December 24, 1984, the date the indictment for the offense of child abduction was returned.

The State, however, argued below and maintains on appeal that the child-abduction statute does not just prohibit the initial taking of a child, but prohibits the detention of a child as well. The State contends that the offense of child abduction, as charged in the indictments at issue here, is for the detention of the children, a continuing act, and is therefore not based on the initial taking before the child-abduction statute was enacted. Instead, the' indictments allege illegal conduct occurring on December 24, 1984, well after the enactment of the statute. Further, it is the State's position that defendant's acts of harboring his children outside this State and of failing to return them to their mother in violation of a court order of this State gives Illinois jurisdiction pursuant to section 1—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 1—5).

While finding that the offense is a "continuing offense," the trial judge dismissed the child-abduction counts, apparently concluding that the child-abduction statute, as applied to defendant while he was in another State, was an *ex post facto* law. The State appeals from the dismissal of the child-abduction counts pursuant to Supreme Court Rule 604(a)(1) (103 Ill. 2d R. 604(a)(1)).

The child-abduction statute, first enacted into law by Public Act 80—1393, effective August 22, 1978 (Ill. Rev. Stat. 1979, ch. 38, par. 10—5), and later amended in 1984 and in effect on December 24, 1984, the date alleged for the commission of the offense in the indictments, although subsequently amended again not pertinent to their appeal, provided, in part:

"A person commits child abduction when he or she:

(1) Intentionally violates any terms of a valid court order granting sole or joint custody to another, by concealing or detaining the child or removing the child from the jurisdiction of the court." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 10—5(b)(1).)

This statute also defines "detains" as meaning "taking or retaining physical custody of a child, whether or not the child resists or objects." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 10—5(a)(2).) It has been stated that the remedial purpose of this criminal statute, enacted by the legislature because the civil penalties are insufficient, is to protect the welfare of children "who are the sad detritus" of a divorce proceeding by attempting to establish a stable environment for them and to protect the rights of the custodial parent under a judgment. *People v. Harrison* (1980), 82 Ill. App. 3d 530, 532, 402 N.E.2d 822.

The State acknowledges that the amended version of the child-abduction statute in effect on December 24, 1984, the date alleged for the commission of the offense in the indictments, was clearly not an offense in 1977 when defendant took the children from Illinois in violation of a court order. Nevertheless, the State argues that the statute defendant is alleged to have violated is neither an *ex post facto* law on its face nor an *ex post facto* law as applied to the particular allegations in the indictments.

■ The cornerstone of the constitutional prohibitions against *ex post facto* laws is that persons have a right to fair warning of both the conduct which will give rise to criminal penalties and the punishment which the State may impose on the violators of its laws. (*People v. Coleman* (1986), 111 Ill. 2d 87, 93-94, 488 N.E.2d 1009.) In *Stein v. Howlett* (1972), 52 Ill. 2d 570, 289 N.E.2d 409, our supreme court defined *ex post facto* legislation as that which:

"(1) makes criminal and punishable an act innocent when done; (2) aggravates a crime, or makes it greater than it was when committed; (3) increases the punishment for a crime and applies the increase to crimes committed before the enactment of the law; and (4) alters legal rules of evidence so that testimony insufficient to convict of the offense when committed would be sufficient as to that particular offense and the accused person." 52 Ill. 2d 570, 584, 289 N.E.2d 409, citing *Calder v. Bull* (1798), 3 U.S. (3 Dall.) 386, 1 L. Ed. 648.

■ In accord with these principles, two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. (*Weaver v. Graham* (1981), 450 U.S. 24, 29, 67 L. Ed. 2d 17, 23, 101 S. Ct. 960, 964; *People v. DeWit* (1984), 123 Ill. App. 3d 723, 733-35, 463 N.E.2d 742.) It is also recognized that a law cannot be said to be *ex post facto* which provides for the continued maintenance of certain conditions which prior to the enactment of the statute were lawful. *Samuels v. McCurdy* (1925), 267 U.S. 188, 193, 69 L. Ed. 568, 570, 45 S. Ct. 264, 265; *People v. Jones* (1946), 329 Ill. App. 503, 506-07, 69 N.E.2d 522.

■ Defendant is not being prosecuted for the abduction or detention of the children prior to the enactment of the statute. He is charged with detaining the children on December 24, 1984, a date after enactment of the child-abduction statute and after the effective date of the 1984 amendment to this statute. Although the detention of the children also occurred before the enactment of the law, the statute was alleged to be violated by the continued detention of the

children after passage of the statute. Accordingly, neither the statute as amended nor the indictments apply to events occurring before the enactment of the statute, and the law is not facially or as applied violative of the *ex post facto* provisions of the United States or Illinois constitutions.

We turn next to the State's contention that the trial judge erred in dismissing the child-abduction counts on the apparent basis that the child-abduction statute could not be applied to a defendant whose acts occurred outside the State of Illinois and who was not a resident of Illinois on the date of the alleged occurrence. The State maintains that defendant's acts of harboring his children out-of-State and of failing to return the children to the custodial parent in violation of an Illinois court order subjects defendant to prosecution in Illinois pursuant to the Illinois statute on criminal jurisdiction contained in section 1—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 1—5). Specifically, the State contends that jurisdiction is conferred by subsections (a)(1) and (c) of section 1—5 (Ill. Rev. Stat. 1985, ch. 38, pars. 1—5(a)(1), (c)). It argues that an element of the offense of child abduction is the intentional violation of the court order, which is committed within Illinois no matter where the defendant may be located, and jurisdiction is conferred under section 1—5(a)(1) (Ill. Rev. Stat. 1985, ch. 38, par. 1—5(a)(1)). The State also asserts that the failure to return the children in compliance with the court order can be characterized as an omission to perform a duty imposed by Illinois law and is, therefore, regarded as being committed within Illinois pursuant to section 1—5(c) (Ill. Rev. Stat. 1985, ch. 38, par. 1—5(c)) regardless of defendant's location at the time of the omission.

Section 1—5 provides:

"A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, by his own conduct or that of another for which he is legally accountable, if:

(1) [t]he offense is committed either wholly or partly within the State; or

(2) [t]he conduct outside the State constitutes an attempt to commit an offense within the State; or

(3) [t]he conduct outside the State constitutes a conspiracy to commit an offense within the State, and an act in furtherance of the conspiracy occurs in the State; or

(4) [t]he conduct within the State constitutes an attempt, solicitation or conspiracy to commit in another jurisdiction

an offense under the laws of both this State and such other jurisdiction.

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, or the result which is such an element, occurs within the State. In homicide, the 'result' is either the physical contact which causes death, or the death itself; and if the body of a homicide victim is found within the State, the death is presumed to have occurred within the State.

(c) An offense which is based on an omission to perform a duty imposed by the law of this State is committed within the State, regardless of the location of the offender at the time of the omission." (Ill. Rev. Stat. 1985, ch. 38, par. 1—5.)

The section derives from section 1.03 of the Model Penal Code (*People v. Holt* (1982), 91 Ill. 2d 480, 488, 440 N.E.2d 102), and its purpose is to establish a broad jurisdictional basis for the prosecution in Illinois of offenses involving persons, property, and public interests in the State, including all jurisdiction afforded by the former Illinois statutes. (Ill. Ann. Stat., ch. 38, par. 1—5, Committee Comments, at 20 (Smith-Hurd 1972); see generally 1 W. LaFave & A. Scott, Jr., Substantive Criminal Law sec. 2.9(b), at 188 (1986).) The parties have not cited any relevant Illinois decisions on the application of section 1—5 to a factual situation similar in nature to the case presented here, nor has our research disclosed any cases from this jurisdiction.

■ We shall address initially whether Illinois has jurisdiction over this offense under section 1—5(c) as one "based on an omission to perform a duty imposed by the law of this State" regardless of defendant's location outside of Illinois at the time of the omission. It is generally stated that a crime based upon omission to act where there is a duty to act is committed at the place where the act should be performed. (2 W. LaFave & J. Israel, Criminal Procedure sec. 16.2(c), at 348 (1984).) A number of decisions in other States have found jurisdiction over nonresidents by their acts of omission in the charging State in nonsupport cases under criminal jurisdiction statutes similar to the Illinois criminal jurisdiction statute. (*People v. Jones* (1967), 257 Cal. App. 2d 235, 64 Cal. Reptr. 622; *State v. Shaw* (1975), 96 Idaho 897, 539 P.2d 250; *State v. Carr* (1966), 107 N.H. 477, 225 A.2d 178; *State v. Klein* (1971), 4 Wash. App. 736, 484 P.2d 455; *Poole v. State* (1973), 60 Wis. 2d 152, 208 N.W. 2d 328.) Defendant, however, cites to *State v. McCormick* (Minn. 1978), 273 N.W.2d 624, a case substantially similar to the case at bar involving the unlawful detention of one's own children, as supporting his position that a jurisdictional statute similar

to ours has no extraterritorial effect under the facts here.

In *McCormick*, the defendant, the noncustodial spouse, took his children without authorization from Minnesota to California. A court in Minnesota had previously issued an order restraining him from visiting the children while a neglect petition was pending against him. A criminal complaint was issued from Minnesota charging the defendant with detaining his children outside the State with the intent to deny another's rights under an existing court order. The defendant moved to dismiss the charge of unlawful detention on the ground that, because the conduct prohibited by the Minnesota statute must occur outside the territorial boundaries of Minnesota, the court was without jurisdiction. The Minnesota statute on criminal jurisdiction provided, in pertinent part, that jurisdiction is found in Minnesota if "[b]eing without the state, he intentionally causes a result with the state prohibited by the criminal laws of this state." (Minn. Stat. sec. 609.025 (1978).) The trial court granted the motion to dismiss, and the Supreme Court of Minnesota affirmed that decision. *State v. McCormick* (Minn. 1978), 273 N.W.2d 624, 625.

While finding persuasive the arguments for approving jurisdiction in Minnesota based on that State's interest in the subject of the litigation arising both from the significant contacts of the custodial parent and the children with Minnesota and from the violation of a Minnesota court order, the Minnesota Supreme Court concluded that restraint should be exercised in prosecuting offenses committed outside the borders of Minnesota. The court recognized the social and economic problems the legislature was seeking to correct, but found the unlawful-detention statute "reached too far." (*State v. McCormick* (Minn. 1978), 273 N.W.2d 624, 628.) The court also found other potential infirmities in this statute, such as its discrimination in penalties between unlawful detention committed outside the State and unlawful detention committed inside the State, and the statute's apparent application to situations where no contact exists between the parties, the child, and the State of Minnesota. It suggested that a more effective solution to the problem addressed by the legislature is the adoption of interstate compacts to enforce support orders and the enactment of Federal legislation which avoids constitutional difficulties inherent in the assertion of extraterritorial criminal jurisdiction by State courts. 273 N.W.2d 624, 627-628.

■ For the reasons that follow, we decline to follow the result reached in *McCormick* and conclude that Illinois has criminal jurisdiction over defendant pursuant to section 1–5(c) of the Criminal Code. Before addressing the applicability of this provision, we note that un-

like the Minnesota statute on unlawful detention, our child-abduction statute does not have different penalties for violations within and outside Illinois' territorial limits. Also, while Illinois has adopted the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1985, ch. 40, par. 2101 *et seq.*), this Act is not a criminal statute providing for criminal penalties. Currently, the Federal kidnaping statute (18 U.S.C. sec. 1201(a) (Supp. II. 1984)), which exempts from its prosecution situations involving a minor kidnapped by a parent, does not address the problem of child abduction. Thus, the Illinois legislature has enacted legislation in the form of our criminal child-abduction statute to make illegal and punish those who disrupt the lives of children in violation of a court order, as the civil remedies are apparently inadequate. (See *People v. Harrison* (1980), 82 Ill. App. 3d 530, 532, 402 N.E.2d 822.) The criminal statute may deter such conduct and, through the investigative resources available to law-enforcement agencies, may result in the location of abducted or illegally detained children who otherwise might not be found because of the limited financial means of a custodial parent.

We conclude that the Illinois statute on criminal jurisdiction is broad enough to reach conduct of an accused occurring outside Illinois' territorial limits in violation of the child-abduction statute (Ill. Rev. Stat. 1985, ch. 38, par. 10—5) because the offense as charged here is based on "an omission to perform a duty imposed by the law of this State" as set forth in section 1—5(c) (Ill. Rev. Stat. 1985, ch. 38, par. 1—5(c).) The duty imposed in the instant case by the law of this State involves the sole custody right granted to the custodial parent by a circuit court of this State under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601(a)). Custody of the children was awarded to defendant's former spouse by a court order pursuant to the laws of this State, and it is defendant's duty to comply with the custody order. Defendant's failure to comply with the court order by his detaining the children under the circumstances is properly deemed to be an omission of the duty imposed by the law of this State.

If Illinois could not assert criminal jurisdiction over defendant for the act alleged, his act of detaining the children for some seven years contrary to a court order of this State might well go unpunished. There is no Federal violation, and another State may not have a comparable criminal statute or sufficient interest in the case to prosecute defendant. Illinois has the greatest interest in the subject of this case, and our criminal jurisdiction statute establishes a broad jurisdictional basis for the prosecution in Illinois of offenses involving persons,

property, and public interests in this State.

For these reasons, we conclude that Illinois has jurisdiction under section 1—5(c) (Ill. Rev. Stat. 1985, ch. 38, par. 1—5(c)) and that the child-abduction counts were improperly dismissed by the trial court. We need not decide whether jurisdiction also lies under section 1—5(a)(1) (Ill. Rev. Stat. 1985, ch. 38, par. 1—5(a)(1)). Accordingly, we reverse the order of dismissal of the child-abduction counts and remand for further proceedings.

Reversed and remanded.

NASH and DUNN, JJ., concur.