*In re* CUSTODY OF JAMES DALE PADGETT, JR. (Janet E. Padgett, n/k/a Janet E. Lindwedel, Plaintiff-Appellee, v. James Dale Padgett, Defendant-Appellant).

Fifth District  No. 5—85—0703

Opinion filed June 10, 1987.

Wolff & Jones, of Murphysboro, for appellant.

Hohlt, House, DeMoss & Johnson, of Pinckneyville (Donald Bigham, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, James Dale Padgett, perfected this appeal from certain orders of the circuit court of Perry County regarding child custody and the assessment of plaintiff's attorney fees against defendant for bringing a vexatious child custody modification petition against plaintiff, Janet E. Lindwedel (formerly Padgett). Since the parties have settled the child custody issues, thereby rendering such issues moot, the only issue before this court is the assessment of attorney fees. The facts relevant to deciding this issue are as follows.

On August 2, 1976, the parties were married in Ava, Jackson County, Illinois. A male child, James Dale Padgett, Jr., was born to the parties in early 1977. On or about August 19, 1977, defendant and the child moved out of the marital home. On August 24, 1977, plaintiff filed a complaint for divorce in the circuit court of Perry County, requesting, *inter alia*, that she be awarded custody of the child. Although defendant was personally served a summons in this action, he neither answered the complaint nor entered an appearance. A default judgment entered on September 30, 1977, granted plaintiff permanent custody of the child.

The defendant testified at the modification proceedings that he had left Illinois for a job in Texas prior to the entry of the default judgment and that he had taken the child with him because plaintiff did not take care of the child. Between the years 1977 and 1985, defendant and child lived in Texas; Missouri; Ava, Illinois; Virginia; North Carolina; Arkansas; and Tennessee. During this time, defendant was employed and provided for the child's needs.

The defendant retained actual physical custody of the child until March 15, 1985, the date when plaintiff discovered the child's whereabouts and instituted legal proceedings in Shelby County, Tennessee, for the child's return to her custody. The child was returned to plaintiff's custody on or about March 21, 1985. On March 22, 1985, defendant filed a petition to modify child custody, which was subsequently amended, alleging that while plaintiff, defendant, and child lived together in the marital home, plaintiff subjected the child to violence, which caused defendant to move out of the marital home with the child. Defendant further alleged that plaintiff acquiesced in defendant's continued custody of the child and that the child had, during the seven years of defendant's exclusive custody, become integrated into defendant's family. Plaintiff, *inter alia*, requested attorney fees for the modification proceedings.

On September 18 and 19, 1985, a hearing was held on the above matters. Plaintiff testified that she neither acquiesced in nor consented to defendant's retaining custody of the child. The record establishes that plaintiff filed an unsuccessful *habeas corpus* action to obtain custody in Jackson County, Illinois, in 1979. Plaintiff testified that in 1983 she enrolled in "Child Find," a national organization which locates missing children, and that "Child Find" found the child in the spring of 1984 in Colerain, North Carolina. Plaintiff testified that defendant and the child left Colerain before she could institute legal proceedings to enforce the custody judgment. After investigating another "Child Find" tip which produced no result, plaintiff placed an ad in the Bertie

County (North Carolina) Ledger in January 1985. Information obtained from this ad led to the discovery of the child in Memphis, Tennessee, and his eventual return to plaintiff's custody.

Sections 610(b) and 610(c) of the Illinois Marriage and Dissolution of Marriage Act provide in pertinent part:

"(b) After the expiration of the 2 year period following a custody judgment specified in subsection (a) of this Section, the court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child. ***

(c) Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment." (Ill. Rev. Stat. 1985, ch. 40, pars. 610(b), (c).)

Public Act 82—715, effective July 1, 1982, deleted from subsection (b) the requirement that the court retain the custodian appointed pursuant to the prior judgment unless either (1) the custodian agrees to the modification, (2) the child has been integrated into the family of the petitioner with the custodian's consent, or (3) the child's present environment endangers seriously his or her physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to the child. (Ill. Rev. Stat. 1981, ch. 40, par. 610(b).) Thus, the current statute substitutes a less stringent test for modification of a custody judgment than existed under the prior law. See Ill. Ann. Stat., ch. 40, par. 610, Historical and Practice Notes, at 43 (Smith-Hurd Supp. 1986).

Under the prior statute regarding child custody modification, the trial court properly could have found that the only prerequisite defendant could have met for obtaining modification was that the present home environment endangered the child's well-being. This would have limited the trial court to considering evidence pertaining to the present home environment provided by plaintiff. Since defendant filed his petition for modification before he could have ascertained any endangerment from the home environment provided by plaintiff, the trial court properly could have found the defendant's petition for modification to be vexatious.

██ █ However, the statute in effect now and at the time the defendant's petition for modification was filed requires (1) a change in circumstances of the child or either or both parties, and (2) that such modification be in the best interests of the child. Moreover, the law now in effect allows the court to consider "facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment" in making its determination on a modification petition. Although the trial court should seriously consider the circumstances leading to the initiation of judicial proceedings, it must also consider all other factors involved. (*Brandt v. Brandt* (1981), 99 Ill. App. 3d 1089, 1110, 425 N.E.2d 1251, 1266-67.) Since the child lived with defendant for seven of his eight years of life, and since the trial court could have considered evidence existing prior to the entry of the default judgment, we conclude that defendant's petition for child custody modification was not vexatious under section 610 (see 99 Ill. App. 3d 1089, 1110, 425 N.E.2d 1251, 1267; see also Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611) and that the trial court's finding to the contrary was an abuse of discretion. We note in passing that the defendant's actions in this case may have subjected him to criminal prosecution (see Ill. Rev. Stat., 1984 Supp., ch. 38, par. 10—5, as amended by Pub. Act 83—1396 sec. 2, effective September 12, 1984; *People v. Caruso* (1987), 152 Ill. App. 3d 1074, 504 N.E.2d 1339) and that a resulting conviction could have been considered by the trial court in ruling on the modification.

██ Plaintiff asserts that even if we conclude that defendant's modification petition was not vexatious, she is entitled to attorney fees under section 508 (Ill. Rev. Stat. 1985, ch. 40, par. 508). Section 508 provides in pertinent part that the court may order one party to pay the other party's attorney fees "after considering the financial resources of the parties." (Ill. Rev. Stat. 1985, ch. 40, par. 508(a).) Since it is clear from the record that the financial resources of the parties were not considered in the assessment of attorney fees, the attorney fee award cannot be supported by section 508.

For the foregoing reasons, the judgment of the circuit court of Perry County regarding the assessment of attorney fees is reversed.

Reversed.

HARRISON and WELCH,[1] JJ., concur.

---

[1]Justice Welch replaces Justice Jones, who retired after the cause was taken under advisement.