THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL WEBER, Defendant-Appellant.

First District (6th Division)   No. 1—90—1113

Opinion filed December 28, 1990.

Frederick F. Cohn, of Chicago (Lawrence Cohen, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Michael Latz, Assistant State's Attorneys, and Daniel M. Rabinovitz, Law Clerk, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a stipulated bench trial in the circuit court of Cook County, defendant Daniel Weber was convicted of child pornography. (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(2).) He was sentenced to 13 months' conditional discharge. On appeal defendant contends there was insufficient evidence to prove that he possessed the book with intent to disseminate it and that application of the statute constituted an *ex post facto* violation.

The stipulated facts established that on May 16, 1988, a Burbank police officer and two Illinois State Police officers went to defendant's residence pursuant to an arrest warrant for battery. Defendant con-

sented to a search of his residence. A book was recovered which was entitled The Ardent Fetishist. Defendant indicated that he knew the book contained photographs of children under the age of 18 years engaged in various sex acts. Defendant owned the book and had it in his possession for about eight years.

Defendant had been indicted under the amended child pornography statute which provided that it was illegal to possess child pornography. (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(2).) Under the former statute, possession had to be with intent to disseminate the child pornography. (Ill. Rev. Stat. 1979, ch. 38, par. 11—20a(b)(1)(B).) He argued before the trial court that to apply the amended statute was a violation of *ex post facto* law because when he came into possession of the book, possession was not illegal. Defendant also argued that under the former statute the book must be taken as a whole to determine whether it is child pornography under the statute. (Ill. Rev. Stat. 1979, ch. 38, par. 11—20a(a)(1).) However, defendant does not raise this latter argument on appeal. The trial court found that the amended statute applied and found defendant guilty.

Initially, defendant contends that it was never the intention of the legislature to make mere possession of child pornography a crime. He reviews the amendments to the child pornography statute since 1985, including the amendment effective January 1, 1990, to support his claim that the legislature inadvertently left out "intent to disseminate" in the statute under which he was convicted. Since he was only shown to have possessed the book, defendant contends there was insufficient evidence to convict him.

■ Under Public Act 84—1029, effective November 18, 1985, it became illegal to merely possess child pornography. (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(2).) Prior to this amendment possession required an "intent to sell or otherwise disseminate." (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(a)(2).) The purpose of the legislature in making possession an offense is to prevent the sexual abuse and exploitation of children by "drying up" the market for child pornography (*People v. Geever* (1988), 122 Ill. 2d 313, 522 N.E.2d 1200), and deletion of the language about intent to sell or disseminate was certainly not an inadvertent error.

■ Contrary to defendant's assertion, possession still remains a Class 4 felony under Public Act 85—1447, effective January 1, 1990. (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1(a)(6).) Subsection (a)(2) of the child pornography statute was amended to provide that possession "with intent to disseminate" is a Class 3 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1(a)(2).) Possession with intent to disseminate had

been deleted from the statute under Public Act 84—1029. However, the offense of possession was not deleted under Public Act 85—1447, but was retained in subsection (a)(6). (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1(a)(6).) Therefore, defendant's contention that the legislature did not intend to make possession an offense is without merit. There was no requirement that the State prove that defendant possessed the child pornography with intent to disseminate it.

Next, defendant argues that he came into possession of the book prior to the 1985 amendment when mere possession was not an offense. He claims that to convict him under the amended version is to apply an *ex post facto* law. Relying upon *People v. Kimbro* (1989), 182 Ill. App. 3d 572, 538 N.E.2d 826, defendant states that the "crime" occurred at the time of the original possession which was about eight years before his arrest.

■■■ *Ex post facto* legislation (1) makes criminal and punishable an act innocent when done; (2) aggravates a crime or makes it greater than it was when committed; (3) increases the punishment and applies the increase to crimes committed before the enactment of the law; and (4) alters legal rules of evidence so that testimony insufficient to convict of the offense when committed would be sufficient as to that specific offense and the accused person. (*Stein v. Howlett* (1972), 52 Ill. 2d 570, 584, 289 N.E.2d 409.) The constitutional prohibition against *ex post facto* laws is to ensure that persons have a right to fair warning of the conduct which will give rise to criminal penalties and of the punishment which may be imposed by the State on violators of its laws. (*People v. McCrimmon* (1986), 150 Ill. App. 3d 112, 116, 501 N.E.2d 334.) Two critical elements must be present for a criminal law to be *ex post facto*: it must apply to events occurring before its enactment and it must disadvantage the offender by it. (*People v. Caruso* (1987), 152 Ill. App. 3d 1074, 504 N.E.2d 1339; *aff'd* (1987), 119 Ill. 2d 376, 519 N.E.2d 440.) However, a law cannot be said to be *ex post facto* which provides for the continued maintenance of certain conditions which prior to the enactment of the statute were lawful. *Caruso*, 152 Ill. App. 3d at 1077; *People v. Jones* (1946), 329 Ill. App. 503, 69 N.E.2d 522.

In *Caruso*, defendant was charged with child abduction and unlawful restraint of his two children. The child-abduction offenses were alleged as occurring on December 24, 1984, although defendant removed his children from Illinois in 1977, when defendant's actions were not an offense. The child-abduction statute was first enacted into law by Public Act 80—1393, and became effective on August 22, 1978, and was later amended in 1984. (Ill. Rev. Stat., 1984 Supp., ch.

38, par. 10—5(b)(1).) At the time the offenses were alleged to have been committed, it was an offense for a person to intentionally violate a valid court custody order by detaining the child. The trial court dismissed the child-abduction counts as *ex post facto*.

The Second District Appellate Court determined that defendant was not being prosecuted for abduction or detention prior to the enactment of the statute. He was charged with detaining the children on December 24, 1984, a date after the effective date of the statute and its amendment. While detention had occurred prior to the statute, the statute was alleged to be violated by the continued detention of the children after passage of the statute. No *ex post facto* violation occurred. For this and other reasons, the order of dismissal was reversed.

■ The instant defendant was indicted, tried and convicted for possession of child pornography occurring on May 16, 1988, at which time such possession was an offense. (Ill. Rev. Stat. 1987, ch. 38, par. 11—20.1(a)(2).) He was not prosecuted or convicted for his possession of the child pornography prior to the amendment of the statute. Although defendant's possession of the child pornography also occurred before the amendment, the statute was violated by the continued possession of the photographs after amendment of the statute. The *ex post facto* provisions of the United States and Illinois Constitutions were not violated. *Caruso*, 152 Ill. App. 3d at 1078.

We do not find *People v. Kimbro* (1989), 182 Ill. App. 3d 572, 538 N.E.2d 826, or *People v. Steinmann* (1978), 57 Ill. App. 3d 887, 373 N.E.2d 757, persuasive as they concern the offense of theft and the exertion of unauthorized control. Defendant herein was in possession of child pornography on the date alleged and the fact that he possessed it prior to the amendment of the statute has no bearing as he was not convicted for this prior possession. Defendant, with knowledge of the nature and content of the book, continued to possess the child pornography- knowing the children in the photographs were under 18, after such possession became an offense. This continued possession violated the statute. The statute did not require the requisite intent found in the theft statute to make possession a crime. (See *Steinmann*, 57 Ill. App. 3d at 894.) Illegal possession, like the detention in *Caruso*, could be continuing in nature.

Defendant also contends that he had no reason to believe that his possession of the book became unlawful because at the time it was unconstitutional to make mere possession a crime under *Stanley v. Georgia* (1969), 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243. He asserts that he had a right to rely on *Stanley* and notes that two trial

judges had relied on *Stanley* as well. (*People v. Geever* (1988), 122 Ill. 2d 313, 522 N.E.2d 1200.) He points out that *Geever*, which found the statute in issue here to be constitutional, was decided on March 22, 1988, but rehearing was not denied until May 31, 1988.

■ The defendants in *Geever* also argued that they relied upon *Stanley v. Georgia*, but the supreme court found their reliance misplaced. (*Geever*, 122 Ill. 2d at 329-30.) The court also found that the fair-warning requirement of the due process clause was not violated because the statute provided sufficient notice as to what conduct was proscribed. A statute enjoys a presumption of constitutionality (*People v. Parkins* (1979), 77 Ill. 2d 253, 257, 396 N.E.2d 22), and the amended statute was in effect since November 19, 1985. Defendant cannot now claim ignorance of the law.

We note a recent United States Supreme Court opinion which upheld an Ohio statute which prohibits the possession of child pornography. (*Osborne v. Ohio* (1990), 495 U.S. 103, 109 L. Ed. 2d 98, 110 S. Ct. 1691.) The Court cited two significant State interests served by encouraging the destruction of child pornography by those who possess it: the continued harm to the children of such materials and the prevention of the use of such materials by pedophiles.

■ Lastly, defendant raises a statute of limitations issue under *Kimbro*, claiming that his possession occurred about seven years before he was charged. He did not raise this issue below. In any event, there is no violation of the statute of limitations as defendant was charged with possession occurring on May 16, 1988, and indicted on June 7, 1988. *Kimbro* is not dispositive of the issue here as addressed earlier and defendant's previous possession was never charged as an offense.

The judgment of the circuit court is affirmed.

Affirmed.

LaPORTA, P.J., and EGAN, J., concur.