(No. 22189.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE GROVE, Plaintiff in Error.

*Opinion filed April 21, 1934.*

CLARENCE A. WILLIAMS, (CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and J. ALBERT WOLL, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An indictment was returned in the criminal court of Cook county charging Theodore Grove with robbery, robbery while armed with a dangerous weapon, larceny and receiving property, knowing it to have been stolen. Grove entered a plea of not guilty, waived a trial by jury, was tried by the court, found guilty of robbery and sentenced to the penitentiary. He prosecutes this writ of error.

Two witnesses were called by the prosecution. The first, Morris Grossman testified that on May 1, 1933, about 7:30 o'clock in the evening, he was driving his sedan automobile north on Western avenue in the city of Chicago. As he approached Logan Square a man opened the right front door of his automobile and sat down beside him. At the same time two men entered and occupied the rear seat. The three intruders directed him to turn his automobile around and drive a distance of about eight blocks. After traveling this distance, they took his wrist watch and the automobile with twenty-five women's hats which, at the time, he carried in the car. The automobile was worth about $800, and the hats together about $30, but the value of the watch was not given. The next day Grossman saw his automobile and the hats at a police station in Chicago. He was unable to identify the plaintiff in error at the trial.

Patrick McShane, a police officer, attached to the detective bureau of the department of police of Chicago, testified that on May 1, 1933, while he and other police officers were in an automobile driving north on California avenue about 10:30 o'clock at night their attention was attracted to an automobile driven west on Thomas street at a high rate of speed. They followed the automobile five or six miles when it crashed into a fence and three men jumped from the car and ran. The officers pursued the men and caught the plaintiff in error, but the other two escaped. In his flight the plaintiff in error discarded his overcoat. The officers returned with him to the abandoned automobile and found in it a number of women's hats. Upon interrogation, the plaintiff in error told the officers that he had met two men by the name of Brown and Gormley at the Haymarket Theater the previous week; that he had an appointment to meet them at the McCoy Hotel; that he afterwards met them at Crawford and Diversey avenues, and that he had been riding with them about an hour before his arrest. He stated that they had stopped at no millinery or other store; that he knew nothing about a robbery, and that none had been committed while he was in the company of the other men. The plaintiff in error gave no reason for attempting to escape, but admitted that he threw his overcoat away so that he could run more rapidly. The officers were informed at the McCoy Hotel that Brown and Gormley had not been there. Grossman identified the automobile and hats as his property, but the watch was not found. Brown and Gormley were never apprehended.

On the trial no evidence was introduced by the plaintiff in error. After he was found guilty, his motion for a new trial was permitted to stand as a motion to vacate the judgment and sentence. In support of that motion he testified as follows: He was twenty-four years of age and lived at 632 Deming place, Chicago. On the evening

of the alleged robbery, he attended a theater about 5:30 o'clock. From the theater he went to Diversey avenue and Clark street and then rode in a bus west on Diversey avenue to Crawford avenue, arriving there at about 9:00 or 9:15 o'clock. At this point he met Henry Brown, a school acquaintance, and the latter's friends, Marvin and Gregory, all in an automobile, and they, with the plaintiff in error, drove to Diversey and Western avenues. About 10:00 o'clock, the four men proceeded, first to the home of one of them on Rockwell street and thence west, intending to go to the home of another, when their automobile was observed and followed by the police officers. Marvin and Gregory occupied the rear seat, while the plaintiff in error was in the front seat with Brown, who was driving. They traveled at the rate of thirty-five or forty miles an hour during the time of the pursuit. When Brown had made several turns, the plaintiff in error asked him his destination. Brown answered that the automobile was not his property. When Brown attempted to turn the automobile into an alley, it struck a lamp-post and they all alighted and ran. The plaintiff in error did not know why the automobile was pursued, except that Brown did not own it and the men had been in trouble before. None of them, so far as the plaintiff in error was able to discover, had possession of a revolver. The first time he saw Grossman was at the police station on May 2, 1933. The motion to vacate the judgment and sentence was denied.

The contention is made that the plaintiff in error was not identified as participating in the alleged robbery. When Grossman was asked at the trial whether he saw any of the three men in court charged with the crime, he answered in the negative. At 7:30 o'clock on May 1, 1933, daylight saving time was in effect in Chicago. A person would readily recognize another who, without invitation, entered his automobile at that hour under the circumstances shown by the evidence. If the plaintiff in error was one

of the men who participated in the commission of the offense charged, the record fails to disclose why Grossman failed to identify him.

The circumstances relied upon to connect the plaintiff in error with the crime charged are that he was in the company of men in the possession of Grossman's automobile, and that he fled from police officers when pursued by them. The plaintiff in error offered an explanation of his presence with the other men consistent with his innocence. His testimony is that he did not join Brown, Marvin and Gregory until 9:00 or 9:30 o'clock, and the only evidence of what occurred from that time until the police officers saw the automobile in which he was riding, is that which he offered. His presence in the automobile after 9:00 o'clock may be a suspicious circumstance, but it is not proof that he was in the automobile at 7:30 o'clock, the time the crime was committed. His explanation of his attempted escape from the police officers may not be persuasive, but it is not altogether unreasonable. He testified that he had been in trouble before and that Brown admitted during their flight that he did not own the automobile in which they were riding.

To establish the guilt of the plaintiff in error, it was essential to prove beyond a reasonable doubt, not only the commission of the robbery charged but also his participation in it. (*People* v. *DeSuno,* 354 Ill. 387; *People* v. *Serrielle,* 354 id. 182). Where the evidence on which a judgment of conviction is based is of an unsatisfactory character, as it is in the case at bar, the judgment should be reversed and the cause remanded for a new trial. *People* v. *McPheron,* 354 Ill. 381; *People* v. *White,* 347 id. 576.

The judgment of the criminal court is reversed and the cause is remanded.

*Reversed and remanded.*