(No. 22577.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES CHRISTOCAKOS, Plaintiff in Error.

*Opinion filed October 22, 1934.*

THOMAS J. JOHNSON, SR., and THOMAS J. JOHNSON, JR., for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH, and AMOS K. SCRUGGS, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Walter Engel, Alex Kuzna and Charles Christocakos were indicted in the criminal court of Cook county for robbery. They waived a trial by jury, the court found them guilty and sentenced them to the penitentiary. Christocakos prosecutes this writ of error.

On November 27, 1933, about 10:30 P. M., George Grieshaber was driving an automobile west on Washington boulevard in the city of Chicago. At Damen avenue, while stopping in obedience to a traffic signal, he discovered a person at the bumper of his car. He was about to alight when another person appeared at the door, pressed a blunt instrument against his side, pushed him and occupied the driver's seat. A third person stood on the running-board. The person who pushed Grieshaber aside and took the driver's seat warned him to remain quiet, drove a short distance, entered an alley and stopped behind a barn at the rear of 2029 Thomas street, the home of Engel. The three persons ejected Grieshaber from the automobile, pushed him into the barn, beat him, took about $5 in money, a watch valued at $50, some keys, a leather jacket worth $3 or $4, and departed in his automobile. Grieshaber immediately reported the robbery to police officers. Five days later, at a police station, he identified the first and second persons he encountered when robbed as Walter Engel and Alex Kuzna but he was unable to state that Christocakos was the person who stood on the running-board. He asserted, however, that the leather jacket which Christocakos wore at the police station was the one taken from him in the robbery. Grieshaber recovered the watch, the jacket and the automobile.

Three witnesses beside Grieshaber were called by the prosecution. Two police officers, George F. Brewer and James Kerwin, testified that they arrested Engel, Kuzna and Christocakos; that the officers placed them against a

wall in the police station with other prisoners; that Grieshaber identified Engel and Kuzna; that the prisoners denied they were at or near Washington boulevard and Damen avenue on November 27, 1933, or that they participated in the robbery; that they admitted they were in the rear of 2029 Thomas street but denied that they took Grieshaber's automobile; that they asserted Grieshaber came to them to buy automobile tires; that this statement provoked a dispute between Grieshaber and the prisoners and the police were obliged to interfere; that during the resulting confusion the plaintiff in error admitted he took the jacket from Grieshaber; that Kuzna first stated that he delivered the watch to a milkman but afterwards admitted that he sold it to a man in a laundry and that thereafter one Turner, who bought the watch, brought it to the police station. David Turner, driver of a laundry truck, testified that he bought the watch for $1.96 but that the person who sold it to him was not present in the court room.

The defense interposed consisted of the testimony of the three defendants, each of whom was seventeen years of age. The plaintiff in error denied any participation in the robbery or that he had ever seen Grieshaber before they met at the police station. He admitted that he had the leather jacket at the time, but insisted that a Greek boy called Dan whose surname he thought was Carolan had given it to him.

Engel testified that he had been acquainted with Grieshaber about two years and had seen him twice and Kuzna claimed his acquaintance for the period of eighteen months. The defendants Engel and Kuzna denied that they robbed Grieshaber. Engel admitted that he met Grieshaber on the evening of November 27, 1933, at Robey and Superior streets and that they discovered Kuzna in the vicinity. Both Engel and Kuzna testified that the plaintiff in error was not present and did not accompany them; that Gries-

haber desired to purchase a set of stolen automobile tires and to that end pledged his watch and five dollars; that when he returned, a boy named Danny was present; that a dispute arose because the tires were not delivered and Grieshaber demanded the return of his money; that a fight ensued during which Danny, who was Grieshaber's friend, obtained possession of the latter's leather jacket and that afterwards he gave it to the plaintiff in error. Kuzna asserted that he retained the watch pledged for the purchase of the automobile tires because Grieshaber refused to accept it and that the witness later sold the watch. On rebuttal, Grieshaber denied that he ever attempted to purchase automobile tires from the plaintiff in error and his co-defendants or that he had ever seen them prior to the robbery.

To obtain a reversal of the judgment the plaintiff in error contends that his participation in the commission of the crime has not been established and that the evidence is insufficient to sustain a conviction. The burden rests upon the People, not only to prove beyond a reasonable doubt the commission of the crime charged but also to establish by the same degree of proof the perpetration of the crime by the person or persons accused. (*People* v. *Grove,* 356 Ill. 246; *People* v. *DeSuno,* 354 id. 387; *People* v. *Serrielle,* 354 id. 182). A conviction cannot be said to be sustained by evidence beyond a reasonable doubt if the testimony of the witnesses shows that their identification of the person accused was vague, doubtful and uncertain. (*People* v. *Fiorita,* 339 Ill. 78; *People* v. *O'Hara,* 332 id. 436, 458). Direct evidence, however, either of identification or any other fact is not required, but to warrant a conviction upon circumstantial evidence, the facts and circumstances proved must be sufficient to establish the guilt of the person accused to a moral certainty and to the exclusion of every other reasonable hypothesis. *People* v. *Rischo,* 262 Ill. 596; *People* v. *York,* 262 id.

620, 633; *Marzen* v. *People*, 173 id. 43; *Dunn* v. *People*, 158 id. 586; *Carlton* v. *People*, 150 id. 181.

No direct evidence of the identification of the plaintiff in error was adduced. The first fact or circumstance relied upon by the People to establish his guilt is that a short time after the robbery he was in the possession of Grieshaber's leather jacket. Grieshaber testified that the robbery was committed on November 27, 1933, but he was equally positive that it occurred on a Thursday evening. November 27, in the year 1933, was a Monday. The preceding Thursday was November 23 and the succeeding one November 30 or Thanksgiving day. There is therefore some uncertainty respecting the day on which the robbery was committed and it is impossible to determine the length of time which elapsed between the date of the robbery and the day the plaintiff in error came into possession of the leather jacket. Ample opportunity was afforded him, however, to gain possession of the jacket in a lawful manner. A gift of that character made by a boy seventeen years of age to another boy of the same age under the circumstances to which the plaintiff in error and his co-defendants testified is not unreasonable.

The other recourse of the prosecution to support the judgment is to the testimony of the two police officers that the plaintiff in error admitted to them that he took the leather jacket from Grieshaber. Verbal admissions obtained from an accused person are subject to mistake and imperfection and should be received with great caution. It is only when admissions are deliberately made and precisely identified that the evidence afforded by them is of a satisfactory character. (*People* v. *Rischo*, 262 Ill. 596, 605; *Lipsey* v. *People*, 227 id. 364; *Marzen* v. *People*, 173 id. 43). The police officers testified that all the defendants denied the robbery charge; that they asserted Grieshaber called upon them to buy automobile tires; that this statement provoked a dispute which required the interference

of the officers and that during the ensuing confusion the admission was made. The question arises whether the circumstances under which the admission was elicited afforded the plaintiff in error a fair opportunity for a complete statement or explanation, if he deemed it necessary. Apart from that question, however, Grieshaber was unable to identify the plaintiff in error at the police station five days after the robbery and apparently no admission was made to him. Engel and Kuzna testified that the plaintiff in error did not accompany them when they met Grieshaber at Robey and Superior streets; that he was not present on the evening of November 27, 1933, and that he received the jacket from Danny at a later time. The testimony of the plaintiff in error is to the same effect. It appears therefore that the admission to which the police officers testified was not a confession of the robbery which was the subject of Grieshaber's testimony, but that the admission related to a subsequent occasion when Grieshaber endeavored to purchase automobile tires. The admission is inconsistent with the testimony of Grieshaber and is contradicted by the testimony of the three defendants. It should be acted upon with great caution.

The insufficiency of the evidence to sustain the conviction of the plaintiff in error is manifest. No witness identified him as a participant in the commission of the robbery; the only direct evidence upon the subject is the testimony of three witnesses, admittedly interested, that he was not present; the admission made by the plaintiff in error to the police officers that he took the jacket from Grieshaber had reference to an occurrence other than the crime charged and was elicited under such circumstances and amidst such confusion as to impair its value as evidence, and the hypothesis of his lawful acquisition and possession of the leather jacket was not excluded. These considerations raise a grave and serious doubt of the guilt of the plaintiff in error and demand the reversal of the

judgment and the remandment of the cause for a new trial. *Keller* v. *People,* 204 Ill. 604; *Cunningham* v. *People,* 210 id. 410; *Dahlberg* v. *People,* 225 id. 485; *People* v. *Bolik,* 241 id. 394; *People* v. *Rischo,* 262 id. 596; *People* v. *Thomas,* 272 id. 558; *People* v. *Ahrling,* 279 id. 70; *People* v. *Zammuto,* 280 id. 225; *People* v. *Heep,* 302 id. 524; *People* v. *Langaas,* 339 id. 267; *People* v. *White,* 347 id. 576; *People* v. *McPheron,* 354 id. 381.

The judgment of the criminal court is reversed and the cause is remanded to that court.

*Reversed and remanded.*