The People of the State of Illinois, Plaintiff-Appellee, *v.* Teddy Quick, Defendant-Appellant.

(No. 73-97;

Third District—November 20, 1973.

Joseph C. Johnston, of Iowa City, Iowa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Teddy Quick, was convicted of the crime of felony theft in the Circuit Court of Rock Island County and sentenced to a term of not less than one year nor more than five years in the penitentiary. The indictment charged him with the crime of burglary and theft. Having waived a jury trial the case was tried by the court.

On December 5, 1971, defendant who resided in Iowa City, Iowa, accompanied by Doc Bolden, drove to Rock Island in defendant's new white Lincoln Continental. They stopped at the home of Linda Shelton,

the complainant, helped her carry groceries in from her car and then defendant, having made plans to meet Bolden later in the evening, left him at Shelton's apartment. Defendant went to his brother's home. Sometime after 7 P.M. defendant and his date, Carol Shepherd, met another couple at the Morocco Club, where as testified by each of the four, they had a few drinks and stayed until approximately 9 P.M., although the testimony as to time was conflicting. They then drove the Continental to the Cinema Theater in Milan, returning to the Morocco Club after 11 P.M. There Bolden approached defendant telling him Linda Shelton's home had been burglarized and his car was being staked out by the police. Defendant went to his car and started removing the stolen items which were in the trunk of his car. When he noticed police officers approaching him, he fled. A few minutes later he was apprehended and the police found a pendant belonging to Linda Shelton in his coat pocket.

According to the complaining witness, she and Doc Bolden had left her home to attend a movie just before 7 P.M. Just prior to returning home, she had left Bolden somewhere on 9th Street. Upon her arrival around 10 P.M., she found valuable possessions missing from her home, including a diamond pendant necklace, stereo equipment, a portable color television set, a sewing machine, a portable typewriter and her father's camera. The police were contacted immediately.

A police officer testified that while on a call unrelated to this case between 8 and 8:30 P.M., he spotted a white Lincoln Continental bearing Iowa license plates, cruising slowly around the block on which Shelton lived. After a third time around the block, the car with two male occupants turned into the driveway to Shelton's apartment.

Defendant took the stand in his own behalf and testified that while at the Morocco Club before leaving for the movie, he loaned his car to a man named Chico Harris, sometimes called Lamanya Harris. He stated Harris was a relative of Doc Bolden; however, Bolden denied this claim saying he did not even know Lamanya Harris. Harris was not produced at the trial and defendant testified he had not seen Harris since the incident but thought he had been shot. As to the complainant's pendant found in his pocket, defendant claims he figured it belonged to Harris or his date but the evidence showed defendant failed to even mention it to his date. None of the witnesses had seen defendant give his car keys to anyone at the Club nor had they heard him mention anything about anyone borrowing his car.

Defendant urges on his appeal to this court that the trial court failed to apply several of the rules concerning proof of the guilt of an accused. Such rules include the presumption of innocence of the accused (*People*

*v. Weinstein,* 35 Ill.2d 467, 220 N.E.2d 432); the State's burden of proving defendant guilty beyond a reasonable doubt (*People v. Lewis,* 97 Ill.App.2d 255, 240 N.E.2d 459) and the rule regarding a conviction based on circumstantial evidence (*People v. Christocakos,* 357 Ill. 599, 192 N.E. 677). While we agree these general rules represent correct statements of the law, we fail to find any error by the trial court in applying the rules. Neither do the cases cited by defendant offer any support under the facts before us.

■■■ Defendant concedes it is a well settled rule that recent, exclusive and unexplained possession of stolen property by an accused gives rise to an inference of guilt. Application of this rule is illustrated in *People v. Helm,* 10 Ill.App.3d 643, 295 N.E.2d 78; *People v. Bennett,* 3 Ill.2d 357, 121 N.E.2d 595, and *People v. Ray,* 80 Ill.App.2d 310, 225 N.E.2d 467. In *Helm,* the defendant was driving a stolen automobile when arrested. He claimed the car belonged to a friend but didn't know his name nor where he lived. The court affirmed the conviction for theft saying one is a thief when he knowingly exerts unauthorized control through mere possession of the property intending to permanently deprive the owner of its use. Unauthorized possession need not begin at the time of the original taking but may be shown by possession at the time of arrest.

In *Bennett* the court held an instruction was properly given to the jury which stated if stolen goods were found in defendant's exclusive possession and he failed to give satisfactory explanation, then the jury is to consider this as an inference of defendant's guilt. In that case, meat, coffee and a meat grinder were taken from a grocery store and subsequently sold by defendant to a third person who in turn resold the items. There, as in the present case, defendant did not deny that he had possession, rather he told how he came into possession.

■■■ In *Ray,* defendant was arrested after police saw him driving his automobile within the vicinity of the burglarized warehouse. The stolen items were found inside defendant's automobile and inside the trunk. When questioned by police he said he did not know how the items got in the car. In affirming his conviction for burglary, the court in applying the rule on unexplained exclusive possession stated that a trial judge is not required to believe an unreasonable story given by the defendant. The trial judge as trier of fact is to determine the credibility and weight to be given such testimony. After giving due consideration to these cases, we find no error in the application of the illustrated rule to the facts of the present case.

■■ Defendant contends possession was not exclusively in defendant which in effect prevents the application of the inference of defendant's guilt. In support thereof he cites *People v. Lardner,* 296 Ill. 190, 129 N.E.

697. In *Lardner,* the defendant was convicted of receiving stolen property after a rug missing from Marshall Field and Company was found inside a tailor shop close to where defendant and a person accompanying him were standing. The court said since the goods were not on defendant's person or in his hand there was no proof that it was in the possession of the defendant. In the case before us it is a different situation. Defendant had exclusive possession since the pendant was in his pocket at the time of the arrest and the other items were in his automobile. We therefore believe the evidence and surrounding circumstances are sufficient to justify defendant's conviction for theft.

The judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.