THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
GARY W. KIMBRO, Defendant-Appellee.

Third District    No. 3—88—0440

Opinion filed May 4, 1989.

Joan Scott, State's Attorney, of Lewistown (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Scott J. Butler, of Law Offices of Scott J. Butler, of Rushville, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Gary Kimbro, was charged with theft, in that he exerted unauthorized control over a tractor with the intent to permanently deprive the owner of its use (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). The defendant filed a motion to dismiss the charge, alleging that the theft had occurred in 1975 and that the three-year statute of limitations (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b)) had therefore expired. The trial court denied the defendant's motion. At trial, the defendant requested a directed verdict at the close of the State's case, based on the running of the statute of limitations. The trial judge treated the defendant's motion as a motion to dismiss and granted it. The State appeals. We affirm.

The record reveals that sometime ·during the fall of 1975 Dale Brooks' tractor was stolen. The defendant's ex-wife, Debbie Geer, tes-

tified at his trial that one morning in the fall of 1975 she heard the defendant pull a tractor next to their bedroom. The following morning she saw the tractor alongside the house. According to Geer, the defendant told her that he had stolen the tractor. Geer's mother also testified that the defendant told her that he had stolen the tractor.

The record further shows that in the fall of 1986 the defendant asked a friend to store the tractor for him, because the defendant was going through a divorce at the time and did not want his wife to get the property. The tractor was kept at the friend's farm until it was discovered on March 11, 1988, by an investigator with the Fulton County sheriff's department.

In dismissing the charge against the defendant, the trial judge ruled that the theft had occurred in 1975 and that it did not constitute a continuing offense. Accordingly, the judge held that the three-year statute of limitations had expired.

The State first argues on appeal that the trial judge erred in finding that the statute of limitations had expired. It contends that, under the instant circumstances, the defendant's exerting unauthorized control over the tractor constituted a continuing offense. In support of its position, the State relies primarily on the Illinois Supreme Court case of *People v. Alexander* (1982), 93 Ill. 2d 73, 442 N.E.2d 887. In *Alexander*, the court stated: "A defendant can be found guilty of theft solely on the basis of knowingly *exerting* unauthorized control over the property of another at the time of arrest, because the crime of theft is not limited to the original taking of the property." (Emphasis in original.) (*Alexander*, 93 Ill. 2d at 78, 442 N.E.2d at 889.) Based on *Alexander*, the State argues that although the original tractor theft occurred in 1975, a separate offense occurred on March 11, 1988, when the defendant continued exerting unauthorized control over the tractor. It concludes that the statute of limitations therefore had not run as to this separate offense.

■ We do not agree. In *People v. Steinmann* (1978), 57 Ill. App. 3d 887, 373 N.E.2d 757, the appellate court held that theft is not a continuing offense such that the statute of limitations does not begin to run at the time of the original act. Examination of *People v. Alexander* (1982), 93 Ill. 2d 73, 442 N.E.2d 887, shows that it did not overturn *Steinmann*. The supreme court in *Alexander* did not address the statute of limitations because that was not an issue in the case. In fact, the court specifically stated: "In the instant case, a particular time was not an essential element of the crime and the expiration of the statute of limitations was not at issue." (*Alexander*, 93 Ill. 2d at 77, 442 N.E.2d at 889.) Accordingly, we find *Alexander* inapplicable to

the case before us. As the trial judge noted in granting the defendant's motion, if *Alexander* were to be applied in cases such as this, the statute of limitations for theft would never run.

The second issue raised by the State is whether a new statutory period began when the tractor was transported by the defendant to his friend's farm in 1986. We need not address this issue because we find that the theft here occurred only once, in 1975, when the defendant exerted unauthorized control over the tractor. (See *People v. Steinmann* (1978), 57 Ill. App. 3d 887, 373 N.E.2d 757.) Accordingly, the decision of the trial judge granting the defendant's motion to dismiss was not manifestly erroneous. *People v. Pickerel* (1975), 32 Ill. App. 3d 822, 336 N.E.2d 778.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.